1997 ME 196

## In re JAMES G., III, et al.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1997.

Decided Sept. 23, 1997.

Andrea Ubl (orally), Sherman & Sandy, Waterville, for appellant.

Nancy D. Metz (orally), Fairfield, guardian ad litem.

Andrew Ketterer, Attorney General, Janice S. Stuver, Asst. Atty. Gen. (orally), Mark Randlett, Asst. Atty. Gen., Augusta, for appellee.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] The mother of James and Barbara G. appeals from the judgment entered in the District Court (Waterville, *Cote, J.*) terminating her parental rights pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.1996). The mother challenges the sufficiency of the evidence to support the findings necessary for termination pursuant to the statute. She also challenges precatory language in the court's decision regarding the continuing responsibility of the Department of Human Services (DHS) to care for the children. We affirm the judgment.

[¶ 2] The court found by clear and convincing evidence that the mother is either unwilling or unable to protect the children from jeopardy and to take responsibility for the children, and that these circumstances are unlikely to change within a time reasonably calculated to meet their needs. 22 M.R.S.A. § 4055(1)(B)(2)(b)(i) & (ii). Contrary to the mother's contentions, the record supports these findings. The existence of contrary evidence by itself does not render the court's finding any less probable. *See Great Northern Paper Co. v. Eldredge,* 686 A.2d 1075, 1077 (Me.1996).

[¶ 3] Although the court found that termination of the mother's parental rights is in the best interests of the children, it also stated, "[I]t may still be in the best interests of [James] and/or Barbara for them to have contact with their mother [and others]." The court stated that DHS should "have the children's treatment providers assess ... whether continued contact ... is therapeutically indicated." If so, the court ordered DHS "to provide such contact as is therapeutically reasonable, at least until the children are finally adopted."

[¶ 4] The mother contends that the court had no statutory authority to dictate DHS conduct following the termination of her parental rights. The court's attempt to do so, she argues, indicates that the court really did not believe that termination was in the best interests of the children. We disagree with the latter point. The court's detailed, 28–

page decision reveals a careful evaluation of the evidence and of the children's prospects, as well as an explicit finding by clear and convincing evidence that termination is in the best interest of each child. 22 M.R.S.A. § 4055(1)(B)(2)(a). The record also supports these determinations by the court.

[¶ 5] We are not required in this case to determine whether the court exceeded its authority. *See generally Department of Corrections v. Superior Court,* 622 A.2d 1131, 1135 (Me.1993) ("power of courts must be invoked by appropriate process"). That part of the decision dealing with continued contact is directed at DHS, and the department has not challenged the judgment.

The entry is:

Judgment affirmed.